**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PATRICK CREED, a/k/a Brian Mitchell
Creed,
Defendant-Appellant.

No. 99-4710

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-99-122)

Submitted: April 20, 2000

Decided: May 3, 2000

Before WILKINS, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. Neil Stout, FLAX & STOUT, Richmond, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Sara E. Flannery, Special
Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Patrick Creed was convicted after a bench trial of knowingly engaging in sexual contact with a child under twelve years old, in violation of 18 U.S.C.A. §§ 2241(c), 2244(a)(1), 2246(3) (West Supp. 2000). On appeal, he asserts that the evidence was insufficient to convict him because the government failed to prove intent. Finding no reversible error, we affirm.

In reviewing the sufficiency of the evidence, the relevant question is not whether we are convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc); Glasser v. United States, 315 U.S. 60, 80 (1942). Assuming, without deciding, that the government must show more than the act of touching itself to prove intent, Creed's intent to have sexual contact with a child under twelve may be inferred from his actions during and after the incident. See United States v. Williams, 197 F.3d 1091, 1095-96 (11th Cir. 1999) (outlining elements of offense); United States v. Rohn, 964 F.2d 310, 313 (4th Cir. 1992) ("Because intent is rarely capable of direct proof, [a] defendant's intent can be inferred from his conduct and all the surrounding circumstances.") (internal quotation marks and citations omitted). Finally, to the extent that Creed challenges the testimony of the government witnesses as being contradictory, we do not review the credibility of the witnesses and "`assume that the[trier of fact] resolved all contradictions [in the testimony] . . . in favor of the [g]overnment.'" United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998) (quoting United States v. United Med. & Surgical Supply Corp. , 989 F.2d 1390, 1402 (4th Cir. 1993)), cert. denied, 525 U.S. 1141 (1999).

Because we find that the evidence was sufficient, we affirm Creed's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2